## SUPREME COURT.

JOHN VAN RAY, respondent, agt. CLARA MORRIS HARRIOT, appellant.

*Code of Civil Procedure, section 872 — Examination of parties before trial — What must be established by the affidavit — Sufficiency of.*

Though to entitle a party to an order for the examination of the adverse party as a witness it must appear by the affidavit upon which the application is based that there was a *bona fide* purpose to take evidence of the party to use it upon the trial, yet it is not necessary to state it in direct and positive terms. The law will be complied with when that fact shall be made to appear as one that has been established by the evidence,

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from order requiring the defendant to appear before the court and submit to an examination as a witness before the trial.

*A. J. Dittenhoefer*, for appellant.

*O'Byrne & Stewart*, for respondent.

DANIELS, *J.* — Argument of the appeal in this action was ordered for the reason that the office address of the defendant's attorney was added to his name at the conclusion of the answer served in the action, and the answer as well as the complaint were made a part of the application upon which the order for the examination of the defendant was made. But whether this addition would be a compliance with the provisions of section 872 of the Code, directing that the affidavit shall set forth the residence or office address of the attorney, is a point which certainly would admit of grave doubt, for the section has been framed in such a manner as to render the intention apparent that this statement shall be made and verified as a part of the affidavit itself ; but it is not necessary for the disposition of this case decidedly to determine this point, for if it could be held to be an irregularity in the proceeding, the papers, as they have been presented upon the appeal do not permit the defendant to take advantage of it. For this omission in the affidavit does not appear to have been specified in the notice of motion or the order to show cause upon which the motion was heard and decided, as that has been required by Rule 37 of the general rules of practice, and for that reason the point is not properly before the court whether the affidavit was or was not sufficient upon this subject. From the terms of the order, the motion appears to have been disposed of upon its merit rather than by any specific objection to mere defects, whether formal or substantial, in the affidavits, and as the notice of motion or order to show cause was not made a part of the papers on the appeal, the case requires to be considered in the same manner at the present time.

The principal objection taken to the affidavits is that it was not made to appear that there was a *bona fide* purpose

to take the evidence of the defendant to use it upon the trial, and by section 872 of the Code that is required to be shown in such an application as the present one to entitle the party to an order for the examination of the adverse party as a witness. But it has not been rendered necessary to state that in positive and direct terms. The law will be complied with when that fact shall be made to appear as one that has been established by the affidavits, and no more than that is required by the case of *Chapin* agt. *Thompson* (16 *Hun*, 53). The affidavits upon which the order was made state that the plaintiff is unable to prove the number of times the dramatic composition in controversy has been produced and represented upon the stage by the defendant, under the agreement made with her by the plaintiff's assignor, and for which she promised and agreed to pay a royalty of ten dollars for each and every representation of the performance by her. These representations have been made in various places, and the knowledge of the number is a fact peculiarly with the defendant. The proof of this fact is essential to the right of the plaintiff to maintain the action, and the affidavits indicate it to be probable that this proof can be obtained from no other source than from the defendant herself. And for that reason the plaintiff has stated that he cannot safely proceed to the trial of the action without her testimony, and that it is material and necessary for him in the prosecution of the action. It is to be reasonably inferred from these circumstances that it is not simply the purpose of the plaintiff to discover what the defendant may be able to swear to as a witness in her own behalf that her examination has been applied for, but for the purpose of acquiring the evidence necessary for him in bringing the action to trial. And for that purpose and that extent he has, under the circumstances, a right to take the testimony of the defendant as a witness for himself before the trial of the action. The defendant has been a difficult person to find and serve with papers in the action, and to obtain her evidence the plaintiff has observed

all the diligence which reasonably strict practice could exact from him for the attainment of this object.

The order in the case as it has been presented by the appeal should be affirmed, together with the usual costs and disbursements upon the appeal.

DAVIS, P. J., and BRADY, J., concur.